IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JUNE A. LANGFORD                                                             PLAINTIFF

v.                     CIVIL NO. 05-3051

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff June A. Langford brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on June 13, 2003, alleging an inability to work since August 15, 2001, due to right-sided weakness, numbness in her right hand, back and neck pain, and emotional problems. (Tr. 54-56, 205-208). An administrative hearing was held on June 8, 2004. (Tr. 216-250). Plaintiff was present and represented by counsel.

By written decision dated July 12, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 23). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform light work that required only frequent fingering and reaching. (Tr. 23). The ALJ further found plaintiff could only perform task-oriented jobs. With this RFC, the ALJ determined plaintiff could perform her past relevant work as a cosmetologist/hair shampooer, a childcare provider, a meat counter clerk and a bakery sales clerk. (Tr. 23).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on July 29, 2005. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 5). This case is before the undersigned for report and recommendation.

**Evidence Presented:**

At the time of the administrative hearing on June 8, 2004, plaintiff was thirty-nine years of age and obtained a high school education. She also is a licensed cosmetologist and has training as a CNA. (Tr. 92, 221, 223). At the time of the hearing, plaintiff testified she was working twenty hours a week as an assistant hair dresser. (Tr. 224). Plaintiff reported she started this job in July of 2003. (Tr. 225). Plaintiff explained she was an assistant because she was still developing clientele. However, even if she did have a clientele base, plaintiff did not think she would be working any more hours because she becomes nervous because she does not know the latest styles. (Tr. 224). Plaintiff also testified that the person that she works for does not need her to work more than twenty hours a week. (Tr. 240).

With regard to activities, plaintiff testified she maintains a current driver's license and is able to drive. (Tr. 225). Plaintiff testified she is able to cook and does all the household chores. (Tr. 233-234). However, vacuuming and bending over aggravate her back.

Plaintiff testified she hurt her back while performing the duties of a CNA. (Tr. 226). After injuring her back, plaintiff gave notice to her employer and never went back. Plaintiff has also worked as a cosmetologist, a deli and bakery worker, a child care worker and a prep cook. (Tr. 227, 230). Plaintiff testified that her hand would go numb when she used the slicer in the deli so she was transferred to the bakery department. Plaintiff stopped working in the bakery department because the job caused too much stress. (Tr. 228).

Plaintiff testified she has problems lifting and even peeling potatoes with her right hand due to a lack of grip strength. (Tr. 229). Plaintiff also complained of neck pain that was interfering with her sleep. (Tr. 232).

Plaintiff testified that she could work but would never be able to work forty hours a week due to fatigue. (Tr. 237). Plaintiff believes her fatigue is a result of the injuries she sustained in an accident as a child. (Tr. 237). Plaintiff explained that she can tell that her right side is weak.

Plaintiff testified she has not sought medical treatment often because she does not have insurance and cannot afford the treatment. (Tr. 246). Plaintiff testified she has also been using over-the-counter pain medication for her back pain. (Tr. 246).

Ms. Tanya Owens, a vocational expert, testified plaintiff's past relevant work consists of work as a CNA which is considered medium, semi-skilled work; a cosmetologist which is considered light, skilled work; a dental assistant which is considered light, skilled work; a child care provided which is considered light, semi-skilled work; a prep cook which is considered

3

medium, unskilled work; a meat counter clerk which is considered light, semi-skilled work; a bakery sales clerk which is considered light, semi-skilled work; and a shampooer which is considered light, skilled work. (Tr. 243).

The pertinent medical evidence in this case reflects the following. On November 27, 2001, plaintiff underwent a consultative general physical examination performed by Dr. K. Simon Abraham. (Tr, 137-144). Plaintiff complained of right-sided weakness and depression (Tr. 137), but stated that Effexor was helping her depression. (Tr. 139). Dr. Abraham noted plaintiff was very cheerful and pleasant and did not appear depressed. An examination revealed that plaintiff had a completely normal range of motion in her spine and in all extremities. (Tr. 140-41). Dr. Abraham noted plaintiff's right forearm was nine inches and her left forearm was ten inches. (Tr. 141). Her right grip strength was about 80% of normal, while her left grip strength was completely normal. (Tr. 142). Plaintiff was able to hold a pen and write, touch her fingertips to her palm, oppose her thumb to her fingers, abduct and flex her arms at the shoulders at 90 degrees or more, stand and walk without assistive devices, walk on her heels and toes, and squat and arise from a squatting position (Tr. 142).

Dr. Abraham stated that the right-sided weakness that plaintiff complained of was "almost imperceptable" except for her right grip strength. Dr. Abraham stated plaintiff was a "strong healthy lady." He also stated plaintiff was well oriented in time and space, intelligent and well spoken.

On March 6, 2003, plaintiff was evaluated for Arkansas Rehabilitation Services by Leslie Johnson, M.S., a Licensed Psychological Examiner, as supervised by Letitia Hitz, Ph.D., a Licensed Psychologist. (Tr. 153-56). Plaintiff stated that although Effexor had helped her

4

depression, she stopped taking it because she could not afford it. (Tr. 154). She stated she had been feeling good for more than a year, but in the last three months she started worrying about not having a job because the bills were starting to pile up. (Tr. 154). Plaintiff stated that she would feel better when she returned to work. (Tr. 154). Plaintiff achieved a Verbal IQ score of 83, a Performance IQ of 70, and a Full Scale IQ of 75 on the Wechsler Abbreviated Scale of Intelligence, placing her in the borderline range of intellectual functioning. (Tr. 154). The Shipley Institute of Living Scale showed below average scores. (Tr. 154). Plaintiff read on a ninth grade level, with math skills at a sixth grade level. (Tr. 154). However, she fell within the average range on the Cognistat, which assesses language, constructions, memory, calculations and reasoning. (Tr. 154). Ms. Johnson reported that plaintiff put forth good effort, and the test results were thought to be valid. (Tr. 153). Ms. Johnson opined that plaintiff would benefit most from on-the-job experience, and would likely have difficulty with traditional "book learning," formal lecture classes, and deviation from the standard routine. (Tr. 154). Ms. Johnson concluded that, based on plaintiff's overall performance and her reported employment history, plaintiff may be capable of performing or being trained to perform a variety of jobs. (Tr. 156). She noted that plaintiff was pleasant and friendly, with good conversational skills, which were strengths but may give people the impression that she is brighter than her test scores suggest. Ms. Johnson opined plaintiff may require repeated instructions or written directions, and might benefit from having complex tasks broken down in fewer steps during training. (Tr. 156). She stated that plaintiff could reasonably be expected to sustain independent functioning by means of competitive employment. (Tr. 156).

AO72A
(Rev. 8/82)

On May 13, 2003, plaintiff sought treatment for a scalp laceration to the back of her head. (Tr. 161).

On May 16, 2003, plaintiff reported that she did not feel right. (Tr. 159). She complained of dizziness and also of anxiety due to marital problems. Plaintiff indicated she was considering filing for disability from her previous head injuries. Plaintiff's upper extremity strength was reported to be equal, and her musculoskeletal examination was within normal limits. She was noted to have a bruise over her right deltoid area.

On May 20, 2003, plaintiff's scalp laceration was healed and her sutures were removed. (Tr. 158). Plaintiff reported she was feeling better but still had some pain in the back of her head.

On May 31, 2003, plaintiff complained of left eye redness. (Tr. 157). She also reported feeling stressed due to an assault by her husband. Her musculoskeletal examination was unremarkable. Plaintiff was prescribed Paxil.

On September 4, 2003, plaintiff was evaluated by William Nichols, Psy.D., a clinical psychologist, at the request of the Disability Determination Service. (Tr. 164-69). Plaintiff complained of back pain due to a workplace injury in May 2002, when she was employed in a nursing home and lifted an elderly resident. (Tr. 164). Plaintiff also reported working part-time as a cosmetologist assistant during the past six weeks, although she stated that this work aggravated her back pain. (Tr. 164). She complained of depression and anxiety for the past three to four years, but stated that medication had improved her stress tolerance and reduced her depressed feelings. (Tr.165, 166). Plaintiff denied any history of psychiatric treatment (Tr. 165), but reported worry over finances and her stepfather's health. (Tr. 166). She was separated from her husband, who she stated had been diagnosed with depression. (Tr. 165).

AO72A
(Rev. 8/82)

Plaintiff's memory was good as evidenced by her ability to remember past events and to recall all three objects after a five-minute delay. (Tr. 166-67). She performed serial 3's with below average speed and made two mistakes. (Tr. 167). Dr. Nichols estimated plaintiff's IQ to be above 80 (Tr. 167), but he noted that her concentration was below average, and her pace was slightly below average for most mental status tasks. (Tr. 168). Dr. Nichols concluded that plaintiff had the ability to understand and remember simple instructions, but would have difficulty with more detailed or novel tasks requiring judgment or creative thinking. (Tr. 168). He stated that plaintiff's processing speed was below average, but her persistence would likely be good for tasks that did not require considerable physical demands. (Tr. 168). He opined that plaintiff would respond appropriately to supervisors and coworkers. (Tr. 168).

Additional records dated in 2004, report plaintiff presented to Dr. Mahlon Maris with complaints of right-sided weakness and pain in the back of her neck and mid-back. (Tr. 192-196). Due to these complaints plaintiff underwent nerve conduction studies which were normal. (Tr. 194). In March of 2004, Dr. Maris noted plaintiff had no spinal tenderness, mild trapezius tenderness on the right, upper extremity deep tendon reflexes of 3+ on the right and 2+ on the left and a decreased hand grip strength on the right compared to the left. (Tr. 192). On March 29, 2004, Dr. Maris completed a physical exertion limitations form opining plaintiff could perform less than sedentary work. (Tr. 198). Dr. Maris indicated these limitations were due to plaintiff's right dominant arm pain and weakness and recurrent back pain and muscle tension.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

8

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

We first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the record, we believe that the ALJ adequately evaluated the factors set forth in *Polaski*, and conclude there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible. The testimony presented at the hearing as well as

the medical evidence contained in the record are inconsistent with plaintiff's allegations of disability.

Plaintiff's alleged onset date is August 15, 2001, however, with the exception of medical records dated in 1971, indicating plaintiff was hit by a car, a consultative examination in 2001, and gynochological visits, there is no medical evidence of treatment until May of 2003. Plaintiff alleges disabling right-sided weakness caused by her accident in 1971, and back and neck pain. In November of 2001, Dr. Abraham stated that the right-sided weakness that plaintiff complained of was "almost imperceptable" except for her right grip strength which was eighty percent. He also found her to have normal range of motion in her spine and in all extremities. Dr. Abraham stated plaintiff was a "strong healthy lady." In May of 2003, plaintiff sought treatment for a laceration to her scalp. At that time her extremity strength was reported to be equal and her musculoskeletal examination was within normal limits. Plaintiff again complained of right-sided weakness in 2004, and underwent nerve conduction studies which we normal. Plaintiff also reported that she only takes over-the-counter pain medication for her alleged disabling neck and back pain. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) ( lack of strong pain medication was inconsistent with disabling pain). After reviewing the entire evidence of record, we find substantial evidence to support the ALJ's determination that plaintiff's right-sided weakness and neck and back pain are not disabling impairments.

Plaintiff's also alleges disabling mental impairments. With regard to plaintiff's alleged disabling depression and anxiety, the medical evidence indicates plaintiff experienced relief from these problems with the use of medication. We note, an impairment which can be controlled by treatment or medication is not considered disabling. *See Estes v. Barnhart,* 275 F.3d 722, 725

AO72A
(Rev. 8/82)

(8th Cir. 2002) (citations omitted). In November of 2001, Dr. Abraham noted plaintiff was pleasant and did not look depressed. In March of 2003, plaintiff again reported that she had been feeling good for over a year but in the past three months started to become depressed due to worrying about not having a job and being unable to pay the bills. Further, in September of 2003, plaintiff again reported that medication had improved her stress tolerance and reduced her depressed feelings. Therefore based on the record as a whole we find substantial evidence to support the ALJ's determination that plaintiff does not have disabling depression and anxiety.

While plaintiff has been diagnosed with borderline to below average intellectual and academic ability, the ALJ pointed out that plaintiff graduated from high school and was able to obtain her cosmetologist license. In March of 2003, Ms. Johnson opined plaintiff may require repeated instructions or written directions, and might benefit from having complex tasks broken down in fewer steps during training. She further opined that plaintiff could reasonably be expected to sustain independent functioning by means of competitive employment. In September of 2003, Dr. Nichols concluded that plaintiff had the ability to understand and remember simple instructions, but would have difficulty with more detailed or novel tasks requiring judgment or creative thinking. He stated that plaintiff's processing speed was below average, but her persistence would likely be good for tasks that did not require considerable physical demands. These opinions coupled with the fact that plaintiff is able to perform a job as an assistant hair dresser and perform many activities of daily living, as will be discussed below, provide substantial evidence to support that plaintiff's intellectual functioning does not prohibit her from being able to perform substantial gainful activity.

AO72A
(Rev. 8/82)

Plaintiff's reports concerning her daily activities are also inconsistent with her claim of disability. At the June 8, 2004, administrative hearing, plaintiff testified she was working twenty-hours a week as an assistant hair dresser and was taking care of household chores. In a Supplemental Interview Outline dated June 16, 2003, plaintiff indicated she as able to take care of her personal needs; able to take care of household chores, including doing laundry, washing dishes, changing sheets, taking out the trash, washing the car and mowing the lawn; able to shop and do errands; able to cook, pay bills and use a checkbook; able to drive, walk for errands and exercise and use public transportation; and was able to attend church, watch television, listen to the radio, read and visit with friends and family. This level of activity belies plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a plaintiff's subjective allegations of disabling pain. See *Cruze v. Chater,* 85 F.3d 1320, 1324 (8th Cir.1996) (mowed lawn, shopped, odds jobs and visits town); *See Hutton v. Apfel*, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability); *See Polaski* at 1322.

Although plaintiff contends that her failure to seek medical treatment is excused by her inability to afford treatment, plaintiff has put forth no evidence to show that she has sought low-cost medical treatment or been denied treatment, due to her lack of funds. *Murphy v. Sullivan*, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention

AO72A
(Rev. 8/82)

of financial hardship). As such, we cannot say that her financial situation prevented her from receiving medical treatment.

Therefore, although it is clear that plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any and all gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d at 1213 (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning her daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

We will next discuss the ALJ's RFC determination. It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliam v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

13

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In finding plaintiff able to perform light task-oriented work requiring only frequent fingering and reaching, the ALJ considered plaintiff's subjective complaints, the medical records of her treating physicians, and the evaluations of consultative examiners. The ALJ noted Dr. Maris's opinion that plaintiff could perform less than sedentary work. However, the ALJ pointed out that the evidence of record clearly establishes plaintiff is able to perform the requirements of light work activity. Plaintiff testified that she is the one to take care of the household chores and is working twenty hours a week as an assistant hair dresser. In June of 2003, plaintiff indicated she was able to take care of her personal needs, perform household chores including mowing the lawn, shop and do errands, prepare meals, drive, attend church, read and visit with friends and family. In 2001, she also reported to Dr. Abraham that she was able to cook, keep house, take care of her son and husband and walk a mile. (Tr. 137). She reported she also liked to cut hair but was to slow at this to make a living. Dr. Abraham reported that plaintiff's right-sided weakness, with the exception of an eighty percent grip strength was "almost imperceptable to him. He indicated she was well coordinated, walked well, had normal sensory modalities, normal motor modalities with the exception for her right hand grip and had normal deep and superficial reflexes. (Tr. 144). Plaintiff also reported to Dr. Nichols in September of 2003, and testified at the hearing that she was able to work twenty hours a week as an assistant hair dresser. Based on the record as a whole, we find the ALJ properly considered and declined to give

14

controlling weight to Dr. Maris's opinion that plaintiff could perform less than sedentary work. *Dixon v. Barnhart*, 353 F.3d 602, 606 (8th Cir. 2003) (medical opinions of a treating physician are normally accorded substantial weight, but they must not be inconsistent with other evidence on the record as a whole). Therefore, based on all of the evidence contained in the file, we find substantial evidence supporting the ALJ's RFC determination.

Finally, we believe substantial evidence supports the ALJ's conclusion that plaintiff can return to her past relevant work as a cosmetologist/hair shampooer, a childcare provider, a meat counter clerk and a bakery sales clerk. According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
> 2. The functional demands and job duties of the occupation *as generally required by employers throughout the national economy*.

20 C.F.R. § 404.1520(e); S.S.R. 82-61 (1982); *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

Therefore, even though a claimant cannot perform the actual demands of her particular past job, if she can carry out her job as it is generally performed in the national economy, she is not disabled under the regulations. *Evans v. Shalala*, 21 F.3d 832, 834 (8th Cir. 1994). We find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, we find that the vocational expert's testimony constitutes substantial evidence

AO72A
(Rev. 8/82)

supporting the ALJ's conclusion that plaintiff is not disabled as she is able to perform her past relevant work. *See Pickney*, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**Conclusion:**

Based on the foregoing, we recommend, affirming the ALJ's decision, and dismissing plaintiff's case with prejudice. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of September 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)